JONES v. BECKER.

Suit to recover money alleged to have been paid to a constable, on an execution against the plaintiff, as surety for the defendant. On the trial, the Court refused to instruct the jury, on application of the defendant, that the plaintiff could not recover unless the money was paid on an execution against the defendant, on which the plaintiff was surety for the

defendant; and instead thereof, instructed the jury that the essence of the action was the payment of the money by the plaintiff on the defendant's debt, and for his benefit, and that it was immaterial whether the money was paid on an execution against the defendant on which the plaintiff was surety.

*Held,* that the instruction moved by the defendant was pertinent to the issue, and should have been given, and that the instruction given was inapplicable to the evidence.

APPEAL from the *Porter* Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, sued *Jones*, before a justice of the peace, alleging in his complaint, that on *November* 16, 1858, he paid to *Jesse Dulston*, a constable, $12.82, on an execution held by him against the plaintiff, as surety for the defendant—the receipt for such payment is herewith filed—which amount remains due and unpaid, wherefore, &c. Before the justice, there was judgment for the plaintiff, and the defendant appealed. In the Common Pleas, to which the cause was taken by appeal, the plaintiff obtained a verdict, upon which the Court, having refused a new trial, rendered judgment, &c.

The defendant's motion for a new trial is based upon three grounds: 1. The insufficiency of the evidence to sustain the verdict. 2. The refusal of the Court to give instructions moved by the defendant. 3. The giving of instructions alleged to be erroneous.

During the trial, the plaintiff gave in evidence a promissory note, in these words:

"VALPARAISO, *October* 3, 1857.

"Six months after date, we promise to pay *Amassa Eastwood*, or order, $42.62, value received, without any relief whatever from the appraisement laws.

(Signed,) "JOHN P. JONES,
"PETER PACKER."

He also gave in evidence the receipt referred to in the complaint, which reads thus:

"Received of *Peter Packer* $12.82, in full for an execution against *John P. Jones* and *Peter Packer*, now in my hands, in favor of *A. Eastwood. November* 16, 1858.

(Signed,) "J. DULSTON, *Const.*"

And thereupon the plaintiff produced *Amassa Eastwood*, who testified that he was the payee of the note above copied; that it was given to him for a balance due on settlement of all accounts which he held against the defendant, *Jones*; that a part of the consideration for which the note was given, was a fanning mill, purchased of witness by the defendant, for which he was to pay witness $25, and at the time defendant purchased the mill, he stated that he purchased it for himself and *Packer*, the plaintiff; that witness considered the note a joint note, in which *Packer* and *Jones* were both principals; that he, witness, left the note with one *Hunt* for collection, did not know whether it had, or not, been sued on; he had, however, received full payment of the note from *Hunt*.

Plaintiff then offered in evidence the following execution, viz:

"The State of *Indiana*, County of *Porter*, sct.:

"To any constable of *Centre* township, in said county:

"Whereas, *Amassa Eastwood* obtained judgment against *John P. Jones* and *Peter Packer*, on *May* 11, 1858, as appears of record, for $42.78, with two dollars cost. You are therefore commanded to make the same, together with all accruing costs, by levy and sale of the goods and chattels of *John P. Jones* and *Peter Packer*, and make return thereof within six months from this date. Dated *October* 11, 1858.

(Signed,) "E. S. MEREFIELD, { SEAL. }.<br>": Justice of the Peace."

Defendant objected to the introduction of this evidence, but the Court overruled the objection, and allowed the execution to be read to the jury.

*Jesse Dulston* was then called as a witness. He testified that he was the constable to whom said execution was delivered; that defendant paid all of the execution, save $12.87; that defendant turned out plaintiff's property to satisfy the execution, and that the above copied receipt was for money applied on the same execution. This is believed to be, substantially, all the evidence given in the cause. And the evidence being closed, the defendant moved thus to instruct

the jury: "In order to find for the plaintiff, the jury must find that the money was paid on an execution against the defendant, on which the plaintiff was security for the defendant." This instruction the Court refused, and instructed as follows: "The essence of the action is whether *Becker* paid the money on *Jones'* debt, and for *Jones'* benefit. It is immaterial whether the money was paid on an execution against *Jones*, on which *Packer* was surety, or on any other execution against *Jones*, and in which *Jones* was liable."

As has been seen, the charge in the complaint is, that the money was paid by the plaintiff to the constable, on an execution held by him against the plaintiff, as surety for the defendant. That the plaintiff paid the money demanded in this suit to the constable, on a joint execution against him and the defendant, is a fact which admits of no controversy; but whether he paid it in satisfaction of a separate debt of the defendant, for which he was liable as surety, or in payment of the joint liability of both, was an inquiry proper for the consideration of the jury. We are, therefore, of opinion that the instruction moved by the defendant was pertinent to the case, and should have been given. And it seems to follow, that the instruction given was inapplicable to the evidence. It remains to be considered whether the evidence sufficiently sustains the verdict. We are not usually inclined to disturb the finding of a jury; but in this instance, the evidence seems to be fatally defective, in this: it fails to prove, either directly or by inference, that the plaintiff paid the money as surety of the defendant.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*S. J. Anthony, Thos. J. Merifield,* and *A. L. Jones,* for the appellant.